UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ADT LLC, and ADT US HOLDINGS, INC,

    Plaintiff,

v.                                                    Case No. 9:18-80283-CV-DIMITROULEAS

NORTHSTAR ALARM SERVICES LLC,
and VISION SECURITY, LLC

    Defendants.
_____/

**ORDER GRANTING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES**

THIS CAUSE is before the Court upon Plaintiffs ADT US HOLDINGS, INC., and ADT LLC (together, "ADT" or "Plaintiffs")'s Motion to Strike NorthStar's Affirmative Defenses [DE 33]. The Court has carefully considered the Motion [DE 33], Defendant NorthStar Alarm Services LLC ("Defendant" or "NorthStar")'s Response [DE 37], Plaintiffs' Reply [DE 41], and is otherwise fully advised in the premises.

**I. Background**

On March 5, 2018, Plaintiff filed its Complaint against Defendants NorthStar and Vision Security, LLC, for damages, attorney fees and equitable relief arising from NorthStar's alleged deceptive sales practices and for the alleged breach of Vision's settlement agreement in *ADT LLC v. Vision Security*, No. 9:13-cv-81197 (S.D. Fla.) ("*Vision*"). *See* [DE 1]. Plaintiff alleges the following four claims in its Complaint: Count I – Unfair Competition in Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) against NorthStar; Count II – Unfair Competition

against NorthStar; Count III – Declaratory Relief against both Defendants: and Count IV – Breach of Contract against both Defendants.

On May 11, 2018, Defendant NorthStar filed an Answer, Amended Affirmative Defenses, and Amended Counterclaim. *See* [DE 21]. Plaintiff filed the instant Motion on June 4, 2018, requesting that the Court enter an order striking eleven (11) of Defendant's thirteen (13) affirmative defenses. [DE 33].

**II. Discussion**

Rule 12(f) permits a court to strike an insufficient defense. *See* Fed. R. Civ. P. 12(f). Striking an affirmative defense is a drastic remedy that is disfavored and that will be granted only if it is clear that the defense must fail. *Augustus v. Bd. of Pub. Instruction of Escambia County*, 306 F.2d 862, 868 (5th Cir. 1962). Furthermore, "both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic . . . motions under Rule 12(f) are viewed with disfavor and are infrequently granted." 5C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 1380 (3d ed. 2008). "[I]t must be shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Id*.

Nonetheless, affirmative defenses are subject to the same pleading scrutiny imposed by Rule 8(a) and *Twombly/Iqbal*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 & n.3 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Losada v. Norwegian (Bahamas) Ltd*., No. 13–cv–22256–JLK, 2013 WL 6622911, * 2 (S.D. Fla. Dec. 16, 2013) ("After reviewing the case law on the issue and the purpose of an affirmative defense, this Court finds that affirmative

2

defenses should be subject to the same general pleading standards of complaints.").[1] Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to give the opposing party fair notice of the claim and its grounds. *See Twombly*, 550 U.S. at 555-56, n.3. The pleading must articulate enough facts to raise a plausible right to relief on the assumption that all of the non-conclusory, factual allegations in the complaint are true. *Id*. at 555; *Iqbal*, 129 S. Ct. at 1949. Formulaic recitations filled with labels and conclusions without factual allegations are insufficient. *Twombly*, 550 U.S. at 555.

Plaintiff argues that eleven (11) of Defendant's thirteen (13) affirmative defenses should be stricken for failure to meet the pleading requirements of *Twombly/Iqbal* and/or for being legally deficient.

*A. Denials*

Upon a careful review, the Court finds that, as pled, the fifth, sixth, seventh, ninth, tenth, and thirteenth affirmative defenses are simply denials, not affirmative defenses:

NorthStar's fifth defense, legitimate business purpose, alleges in pertinent part as follows:

> Count I and Count II are barred, in whole or in part, because NorthStar engaged only in conduct with a legitimate business purpose. NorthStar has a legitimate business purpose in growing its business by soliciting customers and explaining to them NorthStar's pricing, products, and services and how they are different and better than those of NorthStar's competitors.

[DE 21] at p. 9.

---

[1] The Eleventh Circuit has not yet decided this issue, and some district courts have held that affirmative defenses are subject to a different standard. *See, e.g.*, *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716-CIV, 2013 WL 1788503, at *2 (S.D. Fla. Apr. 26, 2013). This Court will continue to rule consistently with its precedent that the *Twombly/Iqbal* standard applies. *See Aidone v. Nationwide Auto Guard, L.L.C.*, 295 F.R.D. 658, 660 (S.D. Fla. 2013).

NorthStar's sixth defense, nominative fair use, alleges in pertinent part as follows:

> Plaintiffs' claims are barred, in whole or in part, by the concept of nominative fair use. A nominative fair use occurs when another's mark was used to describe the mark owner's own goods, such as in comparative advertising, news reporting or reviews, commentary and resellers or brokers. To the extent that NorthStar used or referred to ADT in its solicitation of customers, no greater use of the ADT mark was made than necessary, the use was accurate, did not attempt to cause confusion or capitalize on the prestige of ADT's marks, and there was no suggestion of affiliation or approval or that ADT was the source of NorthStar's goods and services.

[DE 21] at pp. 9-10.

NorthStar's seventh defense, lack of standing, alleges in pertinent part as follows:

> Plaintiffs have not suffered injury in fact and have not lost money or property as a result of any alleged act by NorthStar, and therefore lack standing. Moreover, ADT US Holdings, Inc. is a holding company for ADT LLC and therefore, ADT US Holdings, Inc. has not and could not have suffered any damages as the customers at issue in this lawsuit have contracts with ADT LLC and not ADT US Holdings, Inc. Additionally, NorthStar did not directly and proximately cause ADT LLC to lose customers accounts. ADT LLC lost customer accounts because it provided inferior products, services, and pricing. Accordingly, neither Plaintiff has been directly and proximately damaged by NorthStar and therefore, neither has standing in this action.

[DE 21] at p. 10.

NorthStar's ninth defense, puffery/First Amendment, alleges in pertinent part as follows:

> NorthStar denies making any misrepresentations, but to the extent that the Court concludes that NorthStar did make misrepresentations, those misrepresentations were puffery and not violations of the Lanham Act. NorthStar's use of the term "upgrade," and other statements which ADT alleges are misrepresentations, are protected by the First Amendment.

[DE 21] at p. 11.

NorthStar's tenth defense, spoliation[2], alleges in pertinent part as follows:

> ADT has lost and/or destroyed records including but not limited to correspondence and audio recordings of telephone calls of certain of the

---

[2] Spoliation is generally an evidentiary issue. Moreover, even if spoliation could be a proper affirmative defense in some instances, it is not here. Rather, NorthStar has asserted spoliation of evidence in support of a denial of ADT's claims, which is not a proper affirmative defense.

4

>   customers at issue in this lawsuit. ADT has been preparing to seek legal redress against NorthStar for years. Therefore, it was foreseeable that discarding records related to the customers at issue in this lawsuit would be prejudicial to NorthStar. These records are relevant to NorthStar's defense because they would show what issues the customers had with ADT (whether it be outdated technology, poor services, or unreasonable and/or high pricing), which would in turn demonstrate that ADT lost those customers due to its own conduct.

[DE 21] at p. 11.

NorthStar's thirteenth defense, initial interest confusion, alleges in pertinent part as follows:

>   ADT fails to state a claim for which relief can be granted to the extent ADT's claim of infringement is based on alleged initial interest confusion that no longer exists at time of purchase of NorthStar goods and services. NorthStar has procedures in place, such as welcome calls, to ensure that customers understand that they are contracting with NorthStar.

[DE 21] at p. 12.

As pled, the fifth, sixth, seventh, ninth, tenth, and thirteenth affirmative defenses are simply denials; just pointing out a defect in plaintiff's *prima facie* case is not an affirmative defense. *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988); *Nature's Prod., Inc. v. Natrol, Inc.*, No. 11-62409-CIV, 2012 WL 12844708, at *2 (S.D. Fla. Feb. 15, 2012); *Vallesillo v. Remaca Truck Repairs*, No. 09–80714, 2009 WL 4807397, at *4 (S. D. Fla. Dec. 4, 2009). A defense that denies an allegation in the plaintiff's complaint also is not an affirmative defense. *Perlman v. Wells Fargo Bank*, N.A., No. 10-81612-CV, 2014 WL 4449602, at *2 (S.D. Fla. Sept. 10, 2014). Accordingly, these defenses shall be stricken without prejudice to plead as denials, not affirmative defenses. [3]

---

[3] If NorthStar amends its answer and affirmative defenses, it is instructed to plead its denials separately and apart from any affirmative defenses that it may raise.

*B. The remaining challenged affirmative defenses*

NorthStar's first defense, unclean hands, alleges in pertinent part as follows:

> Plaintiffs claim that NorthStar sales representatives make negative and untruthful statements about ADT when the sales representatives are trying to make a sale. Although NorthStar denies that its sales representatives engage in such tactics, ADT representatives use the very tactics of which ADT complains to try to unlawfully lure NorthStar customers to ADT, as set forth more fully in NorthStar's Counterclaim.

[DE 21] at p. 8. ADT argues that the unclean hands defense fails here because ADT's alleged misconduct in this defense is not immediately and directly related to the claim ADT asserts against NorthStar. To prevail on an unclean hands defense, "a defendant must show that (1) the plaintiff's wrongdoing is directly related to the claim, and (2) the defendant was personally injured by the wrongdoing." *Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 801 (11th Cir. 2015). *See also Intra-Lock Int'l, Inc. v. Choukroun, No. 14-CV-80930, 2015 WL 11422285, at *3 (S.D. Fla. May 4, 2015) Aidone v. Nationwide Auto Guard, L.L.C.*, 295 F.R.D. 658, 661 (S.D. Fla. 2013) ("The doctrine of unclean hands requires a showing that plaintiff's wrongdoing is directly related to the claim against which it is asserted, and defendant suffered a personal injury as a result of the conduct.") (citation omitted). Here, the Court disagrees with ADT's overly narrow position on the application of the unclean hands defense. NorthStar has alleged that ADT engaged in the identical bad conduct against NorthStar that ADT complains of in this lawsuit. The Court finds this to be sufficient to meet the directly related requirement to apply the unclean hands defense. The motion to strike this defense is denied.

NorthStar's second defense, failure to mitigate, alleges in pertinent part as follows:

> Plaintiffs failed to mitigate their alleged damages. After ADT lost customer accounts and eventually blamed NorthStar, ADT did not make reasonable efforts to attempt to recapture those accounts and instead waited years to complain to NorthStar.

[DE 21] at p. 8.  The Court agrees with ADT that this defense, as pled, lacks the specificity required by *Twombly/Iqbal*.  ADT should have fair notice of the specific factual allegations underlying each particular defense.  Here, ADT does not allege sufficient facts to demonstrate what ADT should have done to mitigate its damages after NorthStar allegedly engaged in deceptive sales practices to steal ADT's customers.  Therefore, the Court will strike this affirmative defense but allow NorthStar an opportunity to re-plead it.  *See, e.g., New York Discount Plus, Inc. v. Scottsdale Ins. Co.*, No. 13–24231–CIV, 2014 WL 467235 (S.D. Fla. Feb. 5, 2014) (striking affirmative defenses that did not include adequate factual support but granting leave to replead).

> NorthStar's fourth defense, laches, alleges in pertinent part as follows:
>
> Plaintiffs intentionally and unreasonably delayed in bringing this action to assert their rights. Indeed, Plaintiffs have known of many of the alleged incidents on which they sue for several years and waited years to complain to NorthStar. Plaintiffs' unreasonable delay in bringing this action has led to surprise and prejudice, by forcing NorthStar to respond to allegations regarding events that purportedly occurred years ago and involve – in many instances – individuals no longer associated with NorthStar.

[DE 21] at pp. 8-9.

The Eleventh Circuit has recently explained the laches affirmative defense as follows:

> Laches "requires proof of three elements: (1) a delay in asserting a right or claim; (2) that the delay was not excusable; and (3) that the delay caused the defendant undue prejudice." *Conagra*, 743 F.2d at 1517. That test "is a flexible one: the court must examine both the amount of the delay and the prejudice caused by that delay." *Citibank, N.A. v. Citibanc Group, Inc.*, 724 F.2d 1540, 1546 (11th Cir. 1984). Laches is invoked when the delay in commencing a lawsuit exceeds the statute of limitation for an analogous state law claim, which for this trademark action is the four-year limitation period applied to an action under the Georgia Deceptive Trade Practices Act. *See Kason Indus., Inc. v. Component Hardware Grp., Inc.*, 120 F.3d 1199, 1205 (11th Cir. 1997).

*Groucho's Franchise Sys., LLC v. Grouchy's Deli, Inc.*, 683 F. App'x 826, 829 (11th Cir. 2017)

Here, upon review of the laches defense as pled, the Court finds that NorthStar has failed to allege facts demonstrating that ADT's alleged delay in commencing the instant lawsuit was not excusable and that the alleged delay exceeded the relevant statute(s) of limitations. Accordingly, this defense shall be stricken with leave to replead.

NorthStar's eighth defense, outside scope of employment, alleges in pertinent part as follows:

> To the extent that any sales representatives or agents engaged in unlawful conduct, or made any false or misleading statements, they were acting outside of their authority and scope of employment and contrary to the applicable standards and codes of conduct.

[DE 21] at p. 10. This affirmative defense lacks the specificity required by *Twombly/Iqbal*. NorthStar alleges nothing more than conclusory allegations that fail to allege sufficient facts to support those conclusions. ADT should have fair notice of the specific factual allegations underlying each particular defense. Therefore, the Court will strike this affirmative defense but allow NorthStar an opportunity to re-plead. *See, e.g., New York Discount Plus, Inc. v. Scottsdale Ins. Co.*, No. 13–24231–CIV, 2014 WL 467235 (S.D. Fla. Feb. 5, 2014) (striking affirmative defenses that did not include adequate factual support but granting leave to replead).

NorthStar's eleventh defense, good faith/lack of malice as to punitive damages, alleges in pertinent part as follows:

> NorthStar has acted at all relevant times in good faith and had reasonable grounds for believing its acts or omissions were not a violation of the Lanham Act or any other applicable statutes and regulations, such that ADT cannot recover punitive damages.

[DE 21] at p. 11. This affirmative defense lacks the specificity required by *Twombly/Iqbal* and is simply a conclusory allegation. The Court will strike this affirmative defense but allow NorthStar an opportunity to re-plead it.

### III. Conclusion

Based upon the forgoing, it is **ORDERED AND ADJUDGED** as follows:

1. Motion to Strike NorthStar's Affirmative Defenses [DE 33] is hereby **GRANTED IN PART**, as set forth herein;

2. Defendant, if it chooses to amend, shall file its amended Answer and Affirmative Defenses in accordance with this Order within fourteen (14) days of the date of this Order.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida this 14th day of September, 2018.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnishes to:
Counsel of Record