UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ADT LLC, and ADT US HOLDINGS, INC,

    Plaintiff,

v.                                                Case No. 9:18-80283-CV-DIMITROULEAS

NORTHSTAR ALARM SERVICES LLC,
and VISION SECURITY, LLC

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS THE NORTHSTAR COUNTERCLAIM

THIS CAUSE is before the Court upon Plaintiff ADT LLC's Motion to Dismiss the NorthStar Counterclaim [DE 32]. The Court has carefully considered the Motion [DE 32], Defendant NorthStar Alarm Services LLC's Response [DE 36], the Reply [DE 40], and is otherwise fully advised in the premises.

**I. Background**

On March 5, 2018, ADT, LLC and ADT US Holdings, Inc. filed a Complaint against NorthStar and Vision Security, LLC, for damages, attorney fees and equitable relief arising from NorthStar's alleged deceptive sales practices and for the alleged breach of Vision's settlement agreement in *ADT LLC v. Vision Security*, No. 9:13-cv-81197 (S.D. Fla.) ("*Vision*"). *See* [DE 1]. ADT alleges the following four claims in its Complaint: Count I – Unfair Competition in Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) against NorthStar; Count II – Unfair Competition against NorthStar; Count III – Declaratory Relief against both Defendants; and Count IV – Breach of Contract against both Defendants.

On May 11, 2018, NorthStar filed an Answer, Amended Affirmative Defenses, and Amended Counterclaim. *See* [DE 21].  Therein, NorthStar alleges the following two claims against Counter-Defendant ADT, LLC:  Count I – Unfair Competition in Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); and Count II – Unfair Competition.  ADT, LLC filed the instant Motion on June 4, 2018, requesting that the Court enter an order dismissing NorthStar's Amended Counterclaim pursuant to Fed. R. Civ. P. 8(a), 9(b), and 12(b)(6). [DE 32].

**II. Standard of Review**

*A.     Rules 8(a)(2) and 12(b)(6)*

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F. 2d 332, 334-36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F. 2d 43 (5th Cir. 1967)).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the

claims.'" *Twombly*, 550 U.S. at n. 8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984)).

"A court's review on a motion to dismiss is 'limited to the four corners of the complaint.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (*quoting St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). However, "[a] court may consider only the complaint itself and any documents referred to in the complaint which are central to the claims," *id.* (*citing Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)).

**B.     *Rule 9(b)***

Rule 9(b) provides that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotations omitted).

### III.     Discussion

ADT, LLC moves to dismiss NorthStar's Amended Counterclaim on two grounds. The Court will address each ground, in turn.

First, ADT, LLC argues that, while the Amended Counterclaim alleges fraud, it fails to meet Rule 9(b)'s requirements that the circumstances supporting averments of fraud be pled with particularity. ADT acknowledges that NorthStar alleges the factual circumstances of ten alleged

examples of the fraudulent conduct upon which it is counter-suing ADT. *See* [DE 21] at pp. 14-17. Nonetheless, ADT contends that pleading fraud by examples fails Rule 9(b)'s requirements. The Court rejects ADT's argument.  First, the Court notes that Rule 9(b) does not necessarily apply to claims for violations of the Lanham Act. *See USA Nutraceuticals Grp., Inc. v. BPI Sports, LLC*, No. 15-CIV-80352, 2016 WL 4254257, at *2-3 (S.D. Fla. Feb. 16, 2016). Moreover, the Court, having reviewed the allegations of the Amended Counterclaim, finds that the individual allegations of the cited instances of fraudulent conduct meet the specificity requirements of 9(b).  Further, at the pleading stage, these allegations of the ten specific instances of the alleged fraudulent conduct are sufficient to support the allegation of an overall fraudulent scheme. *See Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 662–63 (11th Cir. 2015) ("The particularity requirement may be relaxed for allegations of 'prolonged multi-act schemes.' *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1314 n. 25 (11th Cir.2002). The relaxed standard permits a plaintiff to plead the overall nature of the fraud and then to allege with particularity one or more illustrative instances of the fraud. See id. Even under the relaxed requirement, however, a plaintiff is still required to allege at least some particular examples of fraudulent conduct to lay a foundation for the rest of the allegations of fraud.").

     Second, ADT, LLC contends that the Amended Counterclaim must be dismissed pursuant to Rules 8(a) and 12(b)(6) for failure to allege sufficient facts to state a plausible claim for relief.  As explained *supra*, NorthStar's allegations of the ten instances of alleged fraud on NorthStar's customers are sufficient at this stage for plausibly alleging a broader scheme of fraudulent conduct.  ADT also argues that NorthStar fails to allege any facts that identify the alleged tortfeasors, let alone their connections to ADT.  The Court rejects this argument.

NorthStar alleges the name of each individual who allegedly defrauded NorthStar's customers in the specific examples set forth in the Amended Counterclaim. *See* [DE 21] at pp. 14-17. NorthStar also alleges that each of these individuals was a representative of ADT. *See id.* NorthStar also alleges that, based on the misrepresentations made by these representatives of ADT, each of NorthStar's customers signed a contract with ADT. *See id.*

ADT, LLC's motion to dismiss the Amended Counterclaim shall be denied.

### IV.   CONCLUSION

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. ADT LLC's Motion to Dismiss the NorthStar Counterclaim [DE 32] is **DENIED;**

2. ADT, LLC shall file an answer to the Amended Counterclaim within fourteen (14) days of the date of this Order.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida this 18th day of September, 2018.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnishes to:
Counsel of Record