UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ADT LLC, and ADT US HOLDINGS, INC,

    Plaintiff,

v.                                                      Case No. 9:18-80283-Civ-DIMITROULEAS

NORTHSTAR ALARM SERVICES LLC,
and VISION SECURITY, LLC

    Defendants.

                                                /

**DEFENDANT NORTHSTAR ALARM SERVICES, LLC'S
SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

Defendant NorthStar Alarm Services LLC ("NorthStar"), hereby files its Second Amended Answer and Affirmative Defenses to the Complaint [DE 1].

**SUMMARY OF CASE**

1. NorthStar admits that this purports to be an action for damages, attorney's fees and equitable relief, but denies that Plaintiffs are entitled to any relief. NorthStar admits that it sells residential alarm systems, including via door-to-door sales, and competes with ADT in that market. NorthStar denies the remaining allegations.

2. The referenced court filings speak for themselves, and NorthStar denies any allegations that are not consistent with the court filings. NorthStar denies that any of the referenced court filings have any effect or are admissible in this case.

3. NorthStar admits that (i) ADT filed a motion for an order to show cause against NorthStar based on the argument that NorthStar was subject to the injunction entered against Vision Security, LLC ("Vision"), (ii) the Court found that NorthStar and Vision had de facto merged, and that (iii) the Eleventh Circuit held that NorthStar was not bound by that injunction.

NorthStar denies the remaining allegations.

4. NorthStar admits that this purports to be an action for legal and equitable relief, but denies that Plaintiffs are entitled to any relief. NorthStar denies the remaining allegations.

5. NorthStar is without sufficient knowledge or information to admit or deny the allegations in paragraph 5 and therefore denies them.

6. NorthStar admits that ADT is a Delaware limited liability company with its principal place of business in Boca Raton, Florida, but is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 6 and therefore denies them.

7. NorthStar admits the allegations in paragraph 7.

8. NorthStar denies that it de facto merged with Vision, but is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 8 and therefore denies them.

## JURISDICTION AND VENUE

9. NorthStar admits that the Court has jurisdiction.

10. NorthStar admits that the Court has supplement jurisdiction over the state-law claims.

11. NorthStar admits that venue is proper in this District, but denies that any actionable events have occurred in this District or elsewhere.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. NorthStar is without sufficient knowledge or information to admit or deny the allegations in paragraph 12 and therefore denies them.

13. NorthStar admits that ADT provides security services and equipment nationwide.

The remaining allegations are a legal conclusion to which no response is required.  To the extent a response is required, NorthStar denies the allegations.

14. NorthStar is without sufficient knowledge or information to admit or deny the allegations in paragraph 14 and therefore denies them.

15. Denied.

16. Admitted.

17. NorthStar admits that it holds Florida license No. EG13000591 to sell alarm services in Florida, has a qualified agent to sell alarm systems in Florida, and has sold alarm systems door-to-door, but denies the remaining allegations.

18. Denied.

19. NorthStar admits that ADT is a competitor, but is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 19 and therefore denies them.

20. Denied.

21. NorthStar denies that court orders entered in another proceeding are admissible or relevant in this action, and therefore no response is required to those allegations.  NorthStar is without sufficient knowledge or information regarding complaints received by ADT and therefore denies those allegations.

22. Denied.

23. Denied.

24. NorthStar denies that court orders entered in another proceeding are admissible or relevant in this action, and therefore no response is required to those allegations.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. NorthStar is without sufficient knowledge or information to admit or deny the allegations in paragraph 29 and therefore denies them.

30. Denied.

31. Denied.

32. The allegations in paragraph 32 are a legal conclusion to which no response is required. To the extent a response is required, NorthStar denies the allegations.

33. NorthStar denies that any ADT customers have been defrauded and that it merged with Vision. NorthStar is without sufficient knowledge or information regarding complaints received by ADT and therefore denies those allegations.

34. NorthStar denies that hearsay statements from another proceeding are admissible or relevant in this action, and therefore no response is required to those allegations. To the extent a response is required, NorthStar denies the allegations.

35. The allegations in paragraph 35 are a legal conclusion to which no response is required. To the extent a response is required, NorthStar denies the allegations

36. Denied.

37. Denied.

38. Denied.

## COUNT I
### (Against NorthStar)
### UNFAIR COMPETION IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(a)(1)(A)

39. NorthStar incorporates Paragraphs 1 through 38, as if set forth fully here.

40. NorthStar is without sufficient knowledge or information regarding Plaintiffs' ownership and use of trademarks and therefore denies those allegations. NorthStar denies the remaining allegations.

41. Denied.

42. NorthStar admits that its sales representatives do not represent ADT and that NorthStar is not affiliated with ADT.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

WHEREFORE, NorthStar denies that ADT is entitled to any relief.

## COUNT II
### (Against NorthStar)
### UNFAIR COMPETION

50. NorthStar incorporates Paragraphs 1 through 38, as if set forth fully here.

51. Admitted that ADT and NorthStar compete, but NorthStar is without sufficient knowledge or information as to ADT's target market of residential customers and therefore

5

denies that allegation.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

WHEREFORE, NorthStar denies that ADT is entitled to any relief.

## COUNT III
### (Against Both Defendants)
### DECLARATORY RELIEF

59. NorthStar incorporates Paragraphs 1 through 38, as if set forth fully here.

60. NorthStar admits that Plaintiffs bring this claim pursuant to 28 U.S.C. § 2201 but denies that Plaintiffs are entitled to any relief.

61. Denied.

62. NorthStar admits that it purchased a fraction of Vision's assets on January 16, 2015, and that it was aware that an injunction had been agreed to by Vision and ADT at that time, but denies that it had actual notice of the injunction as required by Federal Rule of Civil Procedure 65, or that it merged or was otherwise in privity with Vision.

63. Denied.

64. Denied.

WHEREFORE, NorthStar denies that ADT is entitled to any relief.

## COUNT IV
## (Against Both Defendants)
## BREACH OF CONTRACT

65. NorthStar incorporates Paragraphs 1 through 38, as if set forth fully here.

66. The referenced document speaks for itself, and NorthStar denies any allegation inconsistent with the document.

67. The referenced document speaks for itself, and NorthStar denies any allegation inconsistent with the document.

68. NorthStar is without sufficient knowledge or information regarding the allegations in paragraph 68 and therefore denies those allegations.

69. NorthStar is without sufficient knowledge or information regarding the allegations in paragraph 69 and therefore denies those allegations.

70. NorthStar is without sufficient knowledge or information regarding the allegations in paragraph 70 and therefore denies those allegations.

71. Denied.

WHEREFORE, NorthStar denies that ADT is entitled to any relief.

## REQUEST FOR ATTORNEYS' FEES

NorthStar respectfully requests that the Court award NorthStar its reasonable attorneys' fees and costs pursuant to the Lanham Act, the Settlement Contract cited in paragraph 66 (to the extent that the Court rules that NorthStar is bound by the Settlement Contract), and/or the Court's equitable powers.

## **DENIALS**[1]

### **First Denial: Legitimate Business Purpose**

Count I and Count II are barred, in whole or in part, because NorthStar engaged only in conduct with a legitimate business purpose. NorthStar has a legitimate business purpose in growing its business by soliciting customers and explaining to them NorthStar's pricing, products, and services and how they are different and better than those of NorthStar's competitors. *See, e.g., Catch Curve, Inc. v. Integrated Global Concepts, Inc.*, 2012 WL 12541116, *3 (N.D. Ga. July 26, 2012); *Booth v. Pasco County, Fla.*, 829 F. Supp. 2d 1180, 1206 (M.D. Fla. 2011); *CI Int'l Fuels, LTDA v. Helm Bank, S.A.*, 2010 WL 3368664, *2 (S.D. Fla. Aug. 23, 2010).

### **Second Denial: Nominative Fair Use**

Plaintiffs' claims are barred, in whole or in part, by the concept of nominative fair use. A nominative fair use occurs when another's mark was used to describe the mark owner's own goods, such as in comparative advertising, news reporting or reviews, commentary and resellers or brokers. To the extent that NorthStar used or referred to ADT in its solicitation of customers, no greater use of the ADT mark was made than necessary, the use was accurate, did not attempt to cause confusion or capitalize on the prestige of ADT's marks, and there was no suggestion of affiliation or approval or that ADT was the source of NorthStar's goods and services. For example, a NorthStar sales representative claiming that NorthStar is a security company like ADT and comparing the quality, pricing, products, services, etc. of NorthStar to those of ADT are permissible nominative fair use of ADT to reference ADT's products and

---

[1] *See* DE 42 at n3.

services.  *See, e.g.*, *Designer Skin, LLC v. S & L Vitamins, Inc.*, 2007 WL 841471, *1-2 (D. Ariz. Mar. 19, 2007).

### Third Denial: Lack Of Standing

Plaintiffs have not suffered injury in fact and have not lost money or property as a result of any alleged act by NorthStar, and therefore lack standing.  Moreover, ADT US Holdings, Inc. is a holding company for ADT LLC and therefore, ADT US Holdings, Inc. has not and could not have suffered any damages as the customers at issue in this lawsuit have contracts with ADT LLC and not ADT US Holdings, Inc.  Additionally, NorthStar did not directly and proximately cause ADT LLC to lose customers accounts.  ADT LLC lost customer accounts because it provided inferior products, services, and pricing. Accordingly, neither Plaintiff has been directly and proximately damaged by NorthStar and therefore, neither has standing in this action. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1549-50 (2016); *Ramnarine v. CP RE Holdco 2009-1, LLC*, 2013 WL 1788503 (S.D. Fla. Apr. 26, 2013).

### Fourth Denial: Puffery/First Amendment

NorthStar denies making any misrepresentations, but to the extent that the Court concludes that NorthStar did make misrepresentations, those misrepresentations were puffery and not violations of the Lanham Act.  NorthStar's use of the term "upgrade," and other statements which ADT alleges are misrepresentations, are protected by the First Amendment. *See, e.g.*, *Gapardis Health and Beauty, Inc. v. Nouvelle Parfumerie Gandour*, 2008 WL 11333426, *2 (S.D. Fla. Mar. 7, 2008).

### Fifth Denial: Spoliation

ADT has lost and/or destroyed records including but not limited to correspondence and audio recordings of telephone calls of certain of the customers at issue in this lawsuit.  ADT has

9

been preparing to seek legal redress against NorthStar for years. Therefore, it was foreseeable that discarding records related to the customers at issue in this lawsuit would be prejudicial to NorthStar. These records are relevant to NorthStar's defense because they would show what issues the customers had with ADT (whether it be outdated technology, poor services, or unreasonable and/or high pricing), which would in turn demonstrate that ADT lost those customers due to its own conduct. *See McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1259 n. 4 (11th Cir. 2002); *Barnext Offshore, Ltd. v. Ferretti Group USA, Inc.*, 2012 WL 13012762, *4-5 (S.D. Fla. Mar. 6, 2012).

### Sixth Denial: Initial Interest Confusion

ADT fails to state a claim for which relief can be granted to the extent ADT's claim of infringement is based on alleged initial interest confusion that no longer exists at time of purchase of NorthStar goods and services. NorthStar has procedures in place, such as welcome calls, to ensure that customers understand that they are contracting with NorthStar.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense: Unclean Hands

Plaintiffs have unclean hands. Plaintiffs claim that NorthStar sales representatives make negative and untruthful statements about ADT when the sales representatives are trying to make a sale. Although NorthStar denies that its sales representatives engage in such tactics, ADT representatives use the very tactics of which ADT complains to try to unlawfully lure NorthStar customers to ADT, as set forth more fully in NorthStar's Counterclaim. NorthStar incorporates Paragraphs 6 through 41 of its Counterclaim as if set forth fully here. *See Intra-Lock Int'l, Inc. v. Choukroun*, 2015 WL 11422285, *3 (S.D. Fla. May 4, 2015).

### Second Affirmative Defense: Failure To Mitigate

Plaintiffs failed to mitigate their alleged damages. After ADT lost customer accounts and eventually blamed NorthStar, ADT did not make reasonable efforts to attempt to recapture those accounts and instead waited years to complain to NorthStar. *See Luxottica Group, S.p.A. v. Airport Mini Mall, LLC*, 186 F. Supp. 3d 1370, 1378-79 (N.D. Ga. 2016); *Malibu Media, LLC v. Zumbo*, 2014 WL 2742830, *3-4 (M.D. Fla. June 17, 2014).

ADT first sought to bind NorthStar to the injunction in *ADT LLC v. Security Networks, LLC*, Case No. 12-cv-81120-WPD. *See ADT LLC v. Security Networks, LLC*, Case No. 12-cv-81120-WPD, at DE 108. ADT did not, however, serve a Notice of Alleged Violations, as required by the injunction, on NorthStar until November 12, 2015. *See* DE 108-35. The enclosure to DE 108-35, not filed with the Court, is ADT's chart of alleged injunction violations by NorthStar. The earliest alleged violation is January 7, 2015. ADT spent most of 2015 secretly stockpiling 197 alleged violations of the injunction, which ADT now pleads here are also Lanham Act violations. Had ADT brought the details of the alleged violations to NorthStar's attention starting in January 2015, NorthStar could have investigated the allegations sooner and addressed them.

### Third Affirmative Defense: Statute Of Limitations

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations. The applicable statute of limitations for Counts I and II is four years. Plaintiffs filed their Complaint on March 5, 2018. In the contempt proceedings, ADT pled: "ADT does not here seek damages for NorthStar's 2014 torts because they do not violate the Vision injunction. ADT reserves its right to bring a separate civil action against NorthStar for its losses caused by NorthStar's 2014 Lanham Act violations." *ADT LLC v. Security Networks, LLC*, Case No. 12-

cv-81120-WPD, at DE 108 n1. ADT has not yet articulated the universe of alleged Lanham Act violations by NorthStar in this case, but to the extent ADT seeks damages for any alleged conduct that occurred prior to March 5, 2014, those claims are time-barred.

### Fourth Affirmative Defense: Laches

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches. *See* 15 U.S.C. § 1115(b)(9); *Kason Indus., Inc. v. Component Hardware Group, Inc.*, 120 F.3d 1199, 1203 (11th Cir. 1997). The applicable statute of limitations for Counts I and II is four years. Plaintiffs filed their Complaint on March 5, 2018. In the contempt proceedings, ADT pled: "ADT does not here seek damages for NorthStar's 2014 torts because they do not violate the Vision injunction. ADT reserves its right to bring a separate civil action against NorthStar for its losses caused by NorthStar's 2014 Lanham Act violations." *ADT LLC v. Security Networks, LLC*, Case No. 12-cv-81120-WPD, at DE 108 n1. ADT has not yet articulated the universe of alleged Lanham Act violations by NorthStar in this case, but to the extent ADT seeks damages for any alleged conduct that occurred prior to March 5, 2014, those claims are time-barred. Such delay by ADT is not excusable because ADT could have brought such claims well before March 5, 2018. The delay has prejudiced NorthStar because, had NorthStar learned of alleged violations sooner, NorthStar could have investigated the allegations and addressed them.

### Fifth Affirmative Defense: Outside Scope Of Employment

To the extent that any sales representatives or agents engaged in unlawful conduct, or made any false or misleading statements, they were acting outside of their authority and scope of employment and contrary to the applicable standards and codes of conduct. *See, e.g.*, *Jirau v. Camden Development, Inc.*, 2011 WL 2981818, *2 (M.D. Fla. July 22, 2011); *Clymer v. Caterpillar, Inc.*, 2010 WL 11549901, *2 (S.D. Fla. Dec. 13, 2010); *Stewart Title Guaranty Co.*

*v. Arlene Raijman, P.A.*, 2010 WL 11506389 (S.D. Fla. July 1, 2010). Specifically, engagement in deceptive sales practices is prohibited by NorthStar's Code of Conduct, which is binding on all sales representatives. Further, NorthStar trains each sales representative on what deceptive sales practices are and how to not engage in them. As a result, to the extent any sales representative engaged in deceptive sales practices, such conduct was not within that representative's authority or scope of employment.

### Sixth Affirmative Defense: Good Faith/ Lack Of Malice As To Punitive Damages

NorthStar has acted at all relevant times in good faith and had reasonable grounds for believing its acts or omissions were not a violation of the Lanham Act or any other applicable statutes and regulations, such that ADT cannot recover punitive damages. *Aidone v. Nationwide Auto Guard, LLC*, 295 F.R.D. 658, 662 (S.D. Fla. 2013); *Dougan v. Armitage Plumbing, LLC*, 2011 WL 5983352, *2 (M.D. Fla. Nov. 14, 2011); *Curry v. High Springs Family Practice Clinic and Diagnosis Center Inc.*, 2008 WL 5157683, *2 (N.D. Fla. Dec. 9, 2008). Engagement in deceptive sales practices is prohibited by NorthStar's Code of Conduct, which is binding on all sales representatives. Further, NorthStar trains each sales representative on what deceptive sales practices are and how to not engage in them. As a result, to the extent any sales representative engaged in deceptive sales practices, such conduct was not within that representative's authority or scope of employment and cannot constitute malice on the part of NorthStar.

### Seventh Affirmative Defense: Release

To the extent NorthStar is bound by the settlement agreement between Vision and ADT, as ADT alleges, then the releases in the settlement agreement bar any claims based on conduct that occurred prior to the settlement agreement.

13

Dated: September 28, 2018                         Respectfully submitted,

**SHUTTS & BOWEN LLP**
*Attorneys for NorthStar Alarm Services LLC*
525 Okeechobee Boulevard, Suite 1100
West Palm Beach, FL  33401
Telephone:  (561) 835-8500
Facsimile:   (561) 650-8530

By*:*     */s/ Matthew R. Chait*
              **Matthew R. Chait**
              Florida Bar No. 17657
              Email:  mchait@shutts.com
              **Eric C. Christu**
              Florida Bar No. 434647
              Email: echristu@shutts.com
              **Jonathan P. Hart**
              Florida Bar No. 55982
              Email:  jhart@shutts.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 28th day of September, 2018 I caused a true and correct of the foregoing Motion to be served by the CM/ECF service to counsel of record listed below:

*Counsel for ADT LLC and ADT US Holdings, Inc.*
C. Sanders McNew, Esq.
McNew P.A.
2385 NW Executive Center Drive, Suite 100
Boca Raton, FL 33431
Tel: (561) 299-0257
Fax: (561) 299-3705
Email: mcnew@mcnew.net

*Counsel for Vision Security, LLC*
Peter M. Bernhardt, Esq.
Craig S. Distel
McDonald Hopkins LLC
505 South Flagler Drive, Suite 300
West Palm Beach, FL 33401
Tel: (561) 472-2121
Fax: (561) 472-2975
Email: pbernhardt@mcdonaldhopkins.com
Email: cdistel@mcdonaldhopkins.com

*Counsel for Vision Security, LLC*
John M. O'Bryan, Esq. (PHV)
Freeborn & Peters, LLP
311 South Wacker Drive, Suite 3000
Chicago, IL 60660
Tel: (312) 360-6580
Email: jobryan@freeborn.com

    */s/ Matthew R. Chait*
    Counsel