UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 9:18-cv-80283-Dimitrouleas/Matthewman

ADT LLC, and ADT US HOLDINGS, INC.,

    Plaintiffs,

        v.

NORTHSTAR ALARM SERVICES LLC,
and VISION SECURITY, LLC,

    Defendants.
_____/

**ADT'S ANSWER TO THE NORTHSTAR COUNTERCLAIM**

Plaintiff ADT LLC, for its answer to defendant NorthStar Alarm Service's amended counterclaim, [DE 21 at 12-25] states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

**GENERAL ALLEGATIONS**

6. Admitted.

7. ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and therefore denies them.

8. Denied.

9. Admitted.

10. ADT admits that ADT's alarm systems and alarm monitoring services are sold in part through independent ADT authorized dealers. ADT denies that the dealers are agents of ADT and also denies the paragraph's remaining allegations.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

**Count I: Unfair Competition In Violation
of the Lanham Act, 15 U.S.C. § 1125(A)(1)(A)**

22. ADT incorporates its responses to Paragraphs 1 through 21 as if set forth fully here.

23. ADT is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding ownership of NorthStar's trademarks and therefore denies them. ADT denies the paragraph's remaining allegations.

24. Denied.

25. Admitted.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. The paragraph states a legal conclusion. To the extent it alleges facts, ADT denies them.

31. ADT admits that over the past decade it has sued a dozen other alarm services companies, in a market of over 13,000 competitors, who have proven to be chronic violators of the Lanham Act over time. ADT denies the paragraph's remaining allegations.

32. The paragraph states a legal conclusion. To the extent it alleges facts, ADT denies them.

33. The paragraph states a legal conclusion. To the extent it alleges facts, ADT denies them.

WHEREFORE, ADT respectfully requests that the Court enter judgment in its favor and dismiss Count I.

### Count II: Unfair Competition

34. ADT incorporates its responses to Paragraphs 1 through 21 as if set forth fully here.

35. Admitted.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. ADT admits that over the past decade it has sued a dozen other alarm services companies, in a market of over 13,000 competitors, who have proven to be chronic violators of the Lanham Act over time. ADT denies the paragraph's remaining allegations.

41.     The paragraph states a legal conclusion.  To the extent it alleges facts, ADT denies them.

WHEREFORE, ADT respectfully requests that the Court enter judgment in its favor and dismiss Count II.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense:  Unclean Hands

NorthStar has unclean hands. NorthStar claims that ADT sales representatives make false statements of NorthStar affiliation when the representatives are trying to make a sale. Although ADT denies that its sales representatives engage in such tactics, and ADT disagrees with the Court's preliminary application of the unclean hands doctrine to the parties' allegations in this case for the purposes of Rule 12(b)(6), [DE 42 at 6] ADT has alleged that NorthStar representatives use the very tactics of which NorthStar complains to try to lure ADT customers to sign NorthStar contracts in violation of Section 43(a) of the Lanham Act, as set forth more fully in ADT's Complaint, and to this end incorporates its Complaint here by reference, as if set forth fully here.

### Second Affirmative Defense:  Statute of Limitations

NorthStar's claims are barred, in whole or in part, by the four-year statute of limitations with respect to any alleged ADT violations occurring prior to April 6, 2014.

### Third Affirmative Defense:  Release

As this Court found in Case No. 9:12-cv-81120, NorthStar and Vision Security LLC merged as of January 16, 2015.  As Vision's successor by merger, NorthStar is bound by the general release given by Vision in ADT's favor as part of Vision's November 20, 2014, settlement with ADT in Case No. 9:13-cv-81197.

Dated:  October 3, 2018

Respectfully submitted,

**McNEW P.A.**

/s/ C. Sanders McNew
_____
C. Sanders McNew
mcnew@mcnew.net
Florida Bar No. 0090561
2385 NW Executive Center Drive, Suite 100
Boca Raton, Florida  33431
Tel:  (561) 299-0257

*Counsel for the Plaintiffs, ADT LLC*
  *-and- ADT US Holdings, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on this third day of October, 2018, I caused a true and correct copy of the foregoing Answer to be served by CM/ECF on all parties listed to receive electronic service for this case.

s/ C. Sanders McNew
_____
C. Sanders McNew