UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO. 9:18-cv-80283 Dimitrouleas/Matthewman

ADT, LLC, and ADT US HOLDINGS, INC.,

    Plaintiffs,

v.

NORTHSTAR ALARM SERVICES LLC &
VISION SECURITY, LLC

    Defendants.

## JOINT MOTION FOR ENTRY OF A CONFIDENTIALITY AND PROTECTIVE ORDER

Plaintiffs ADT, LCC and ADT US Holdings, Inc. ("ADT"), and Defendants NorthStar Alarm Services, LLC ("NorthStar") and Vision Security, LLC ("Vision") (collectively, the "Parties") respectfully move this Court, pursuant to Federal Rule of Civil Procedure 26(c)(1), to enter a protective order governing the confidentiality of confidential and highly confidential—attorneys' eyes only information.

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), counsel for ADT and NorthStar have engaged in significant telephone and email exchanges in an effort to resolve the outstanding issues regarding a proposed confidentiality and protective order (the "Protective Order") for the production and handling of "confidential" and "highly confidential—attorneys' eyes only" information. As a result of these discussions, the Parties have reached consensus on nearly all terms of the Protective Order. The only remaining term to which the parties have not reached agreement is the scope of access to such information provided to an ADT in-house paralegal, Marcia Gold.

On December 11, 2018, this Court convened a hearing regarding several pending discovery-related issues, including whether the Protective Order should allow access to "highly confidential—attorneys' eyes only" materials by in-house attorneys. ADT argued that in-house counsel should have such access; NorthStar argued that in-house counsel should not have access. The Court provided guidance during the hearing as to this issue, and in its December 12, 2018 Omnibus Discovery Order (D.E. 53), directed the Parties to "meet and confer in good faith in an attempt to draft an agreed Stipulated Protective Order." *Id*. at 2.

Over the following week, the Parties continued to discuss the in-house counsel access issue. Ultimately, the Parties agreed to limit the number of in-house counsel given access to "Highly Confidential—Attorneys' Eyes Only" information to three specifically identified ADT in-house attorneys: Dan McGrath, Chief Litigation Counsel and Chief Compliance Officer; Lee Jackson, Vice President and Associate General Counsel; and Frank Cona, Vice President, Chief Counsel for Privacy, IP, and Corporate Sourcing. NorthStar has designated Jared Parrish, General Counsel and Chief Compliance Officer. There is no pending dispute as to these designations, and they are reflected in Section 7.3(b) of the proposed Protective Order.[1]

The remaining dispute is that ADT wants in-house paralegal and Litigation Manager Marcia Gold to also have access to "Highly Confidential—Attorneys' Eyes Only" information.

---

[1] Given the remaining dispute involving Section 7.3(b), the Parties attach the competing versions of the Protective Order. These versions are identical in all respects except for the language describing the scope of Marcia Gold's access to Highly Confidential—Attorneys' Eyes Only information found in Section 7.3(b). For purposes of convenience, NorthStar's version is attached hereto with no changes as **Exhibit A**. ADT's proposed language is reflected in redlines to Section 7.3(b) as **Exhibit B**.

**ADT's Position**

Ms. Gold's access to such information is necessary and appropriate for a number of reasons (1) Ms. Gold has access to and knowledge of ADT systems that the designated attorneys—all senior counsel within ADT—typically do not interact with on a daily basis; (2) Ms. Gold is responsible for performing various administrative tasks that would either be too cumbersome or otherwise inefficient for these attorneys to perform on their own; and (3) the risk of providing Ms. Gold with such information is minimal as she is subject both to her own ethical obligations as a paralegal and licensed Florida notary public and is under the direct supervision of the licensed attorneys she supports, who are also subject to the Protective Order and the corresponding ethical obligations regarding the supervision of non-lawyers.[2] *See* Dec. of Marcia Gold, attached hereto as **Exhibit C**. Indeed, Ms. Gold's sworn declaration confirms that she has no role in any operational activities of ADT, and provides only legal and compliance-related support. *Id*. at ¶¶ 3, 5. To the extent that Ms. Gold interacts with ADT's customers, it is solely to pursue ADT's legal claims. Accordingly, ADT proposed that Ms. Gold be given the same level of access to Highly Confidential—Attorneys' Eyes Only information that ADT's designated in-house counsel have been given so that she may provide the same level of support that she has always provided with respect to these attorneys. Indeed, ADT contends that in litigation containing claims and counterclaims with potential exposure in the tens of millions of dollars, having robust in-house support is critical to the in-house legal operations of ADT.

---

[2] Moreover, each of ADT's designated in-house counsel has their own ethical obligation to supervise any staff performing legal work on their behalf, including paralegals such as Ms. Gold. *See* Rules Regulating the Florida Bar 4-5.3: Responsibilities Regarding Nonlawyer Assistants (a lawyer having direct supervisory authority over the nonlawyer must make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer).

**NorthStar's Position**

NorthStar agreed that Ms. Gold can have access to its customer names (which will be in materials likely designated as "Highly Confidential—Attorneys' Eyes Only") for the sole purpose of cross-referencing those names in ADT's customer database to determine if any are or were ADT customers. NorthStar opposes further access for Ms. Gold. *First*, Ms. Gold is not a Florida Registered Paralegal or a Certified Paralegal. In guiding the parties towards a resolution on the issue of in-house counsel access to "Highly Confidential—Attorneys' Eyes Only" materials, the Court stated that any in-house attorney with access must be a member of a state bar. Ms. Gold does not have the paralegal equivalent. That she is a notary is irrelevant. *Second,* Ms. Gold is a critical fact witness in this case, as ADT disclosed in its Initial Disclosures. She interacts with ADT customers – or supervises those who do – who have allegedly been subjected to deceptive sales practices, and the precise substance of those conversations will bear on the claims and defenses in this case. *Third*, by interacting with customers, Ms. Gold's job function is at least partially business-related, making her access to a competitor's "Highly Confidential—Attorneys' Eyes Only" material particularly inappropriate. NorthStar would have no protection against how Ms. Gold's access to its most confidential information might influence her future interactions with ADT customers. *Fourth*, Ms. Gold can still perform the majority of her job functions because she would be barred from accessing only those documents that are designated "Highly Confidential—Attorneys' Eyes Only." For example, NorthStar will likely designate its financial records as "Highly Confidential—Attorneys' Eyes Only." Ms. Gold has no reason to access those. While ADT might find it more convenient for her to have greater access than the customer names, that does not justify such access.

\* \* \* \*

Pursuant to the Court's direction, the Parties have spent significant time and effort attempting to find a mutually agreeable solution to the entirety of the dispute arising from the proposed Protective Order. And on the whole, they have been able to do so. The Parties are unable to agree, however, as to the scope of Ms. Gold's access to "Highly Confidential—Attorneys' Eyes Only" information. Accordingly, the Parties ask the Court to determine the scope of Ms. Gold's access to such materials and enter the appropriate Protective Order.

Dated: December 20, 2018.

Respectfully submitted,

/s/ Eric S. Boos
Eric S. Boos
eboos@shb.com
Florida Bar No.: 0107673
**SHOOK, HARDY & BACON L.L.P.**
Citigroup Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305.358.5171
Facsimile: 305.358.7470

C. Sanders McNew
mcnew@mcnew.net
Florida Bar No. 0090561
**McNew P.A.**
2385 NW Executive Center Drive, Suite 100
Boca Raton, Florida 33431
Telephone: 561.299.0257
Facsimile: 561.299.3705

*Counsel for Plaintiffs ADT LLC and ADT US Holdings, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of December, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and a true and correct copy of the foregoing was served on all counsel or parties of record on the Service List below by the method indicated.

*/s/ Eric S. Boos*
Eric S. Boos

Matthew Ross Chait
Jonathan Phillip Hart
Eric Christu
**Shutts & Bowen LLP**
525 Okeechobee Boulevard, Suite 1100
West Palm Beach, FL 33401
Email: mchait@shutts.com
  jhart@shutts.com
  EChristu@shutts.com
(Service via CM/ECF)


Peter M. Bernhardt
**McDonald Hopkins LLC**
505 South Flagler Dr., Suite 300
West Palm Beach, FL 33401
Email: pbernhardt@mcdonaldhopkins.com
(Service via CM/ECF)

John M. O'Bryan
**Freeborn & Peters, LLP**
311 South Wacker Dr., Suite 3000
Chicago, IL 60660
Email: jobryan@freeborn.com
(Service via CM/ECF)