# Exhibit B

(ADT's Proposed Confidentiality and Protective Order)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 9:18-cv-80283-Dimitrouleas

ADT LLC & ADT US HOLDINGS, INC.,

    Plaintiffs,

       v.

NORTHSTAR ALARM SERVICES LLC
& VISION SECURITY, LLC,

    Defendants.
_____/

## CONFIDENTIALITY AND PROTECTIVE ORDER

THIS CAUSE is before the Court by stipulation of the parties; and the Court, having reviewed the stipulation and being otherwise duly advised in the premises, hereby enters the following Protective and Confidentiality Order:

**PART ONE: PURPOSES AND LIMITATIONS**

Disclosure and discovery in this action are likely to require production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3 below, that this

1

Stipulated Protective Order does not entitle them to file confidential information under seal without compliance with Local Rule 5.4, which states the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**PART TWO:  DEFINITIONS**

2.1 *Challenging Party*:  A Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "*CONFIDENTIAL*" information or items:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 *Designating Party*:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.4 *Disclosure or Discovery Material*:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.5 *Expert*:  A person or entity with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.  "Expert" shall specifically include electronic discovery vendors.

2.6 "*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*":  Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or

Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.7 *House Counsel*: Attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 *Non-Party*: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 *Outside Counsel of Record*: Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10 *Party*: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 *Producing Party*: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 *Professional Vendors*: Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 *Protected Material*: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.14  *Receiving Party*:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**PART THREE:  SCOPE**

3.1  The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Material.

3.2  The protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

**PART FOUR:  DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**PART FIVE: DESIGNATING PROTECTED MATERIAL**

5.1     *Exercise of Restraint and Care in Designating Material for Protection.* Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     *Manner and Timing of Designations.*  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)     For documents (excluding transcripts), the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party shall try to identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  However, whether designated as such at the deposition or not, all designations of "CONFIDENTIAL" or "HIGHLY-CONFIDENTIAL – ATTORNEYS' EYES ONLY" must be made within 10 days of receipt of a deposition

transcript. If the transcript has not been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" within the ten days following receipt of the transcript, except upon stipulation by the parties or Court order, the transcript shall no longer be considered "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give all other Parties and Designating Parties reasonable notice if they reasonably expect a public hearing or other public proceeding to include Protected Material so that such other parties can ensure that only authorized individuals who have signed the "Undertaking to Abide by Agreed Confidentiality Order" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have a notation on the title page that the transcript contains Protected Material. Any transcript that is prepared before the expiration of the 10 court day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     For information produced in other than documentary form, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing

Party, to the extent practicable, shall identify the protected portion(s).  To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, databases or programs stored on computers, disks, networks or tapes) is produced in such form, the Producing Party may designate such matter as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by cover letter referring to such matter and specifically identifying what portions of such matter are being designated as such.

      5.3    *Inadvertent Failures to Designate*.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

      5.4    If Discovery Materials that are produced by Non-Parties are deemed to be confidential by any Party to this lawsuit, that Party shall inform the Receiving Party in writing of the confidentiality of those Discovery Materials, by a letter to counsel for the Receiving Party which references this Order.  With respect to deposition, hearing and trial testimony by a Non-Party, a Party may invoke confidentiality under this Order in accordance with the provisions of Section 5.3(b), above.

**PART SIX:  CHALLENGING CONFIDENTIALITY DESIGNATIONS**

      6.1    *Timing of Challenges*.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the

litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 *Meet and Confer*. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must confer within 10 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 *Judicial Intervention*. The burden of persuasion in any challenge to a confidentiality designation shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose, may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**PART SEVEN: ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 *Basic Principles*. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions

described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Part Fourteen below. Protected Material must be stored and maintained by Outside Counsel of Record of a Receiving Party or an expert retained by Outside Counsel of Record of a Receiving Party for the purposes of this litigation at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

   7.2  *Disclosure of "CONFIDENTIAL" Information or Items*. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

   (a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

   (b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (c)  experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A ;

   (d)  insurers of the Receiving Party and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

   (e)  the court and its personnel;

   (f)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this

litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Protected Material revealed in deposition testimony or exhibits to depositions may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) the author or recipient of a document containing the information or a custodian who otherwise possessed the information.

7.3   *Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items*.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) ADT in-house attorneys Dan McGrath, Lee Jackson, and Frank Cona, and NorthStar in-house attorney Jared Parrish.  In addition, ADT may provide documents designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to in-house paralegal Marcia Gold so that she may retrieve, collate, or otherwise process such documents at the request and under the supervision of the designated ADT in-house attorneys.~~In addition, ADT may provide NorthStar customer names from documents~~

10

~~designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to in-house paralegal Marcia Gold so that she may cross-reference those names against ADT's customer database to determine whether any of the identified NorthStar customers are or were ADT customers~~.  The individuals identified in this Section 7.3(b) will use information contained in any materials designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" produced by either Party only to assist in the prosecution of a Party's claims or the defense of any claims against a Party, and not for business purpose.

(c) Counsel for the Receiving Party's insurance carrier (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(g) the author or recipient of a document containing the information, a custodian who otherwise possessed the information, or any officer or representative of the party that produced the information.

## PART EIGHT: PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the Subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions may be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**PART NINE: A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

To facilitate the disclosure of confidential information, the parties may by consent agree that production of Non-Party materials deemed by the Non-Party to be confidential may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," provided that the Non-Party agrees to submit to the Court's jurisdiction and to be bound by the terms and conditions of this Order. Nothing in this provision may be construed as relieving a Party from producing responsive documents in its possession or control pursuant to an appropriate discovery request, nor may it be construed as prohibiting a Non-Party from seeking a protective order or any other legal protections otherwise available to it.

**PART TEN: UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, it must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**PART ELEVEN: INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the

obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

Nothing herein shall prevent the Receiving Party from challenging the propriety of the privilege or protection claimed by promptly filing an appropriate motion with the Court, but the Receiving Party shall not challenge the propriety of the privilege or protection claimed on the grounds that the privilege or protection was waived by inadvertent production of the documents. If no such challenge is brought, or if any such challenge is unsuccessful, no use shall be made of such documents during deposition or in any proceeding before the Court, nor shall they be shown to anyone who was not given access to them prior to the request to return such documents, and the Receiving Party shall promptly confirm in writing that any analyses, memoranda or notes which were internally generated based upon such inadvertently produced information have been destroyed.

**PART TWELVE:    NON-DISCLOSURE OF PRIVATE CUSTOMER INFORMATION**

Information possessed by any party that may through disclosure violate, infringe upon or affect its customers' right to privacy or security (hereafter "Private Customer Information") may be withheld by that party and redacted from any documents produced. Private Customer Information includes a customer's alarm panel location, alarm passcode, Social Security Number, bank account information, and credit card information. In the event Private Customer Information is redacted from any documents produced, the producing party shall, in lieu of a privilege log, at the time of production give written notice identifying the documents from which such information was redacted and the type of information redacted.

**PART THIRTEEN: MISCELLANEOUS**

13.1  *Right to Further Relief.*  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2  *Right to Assert Other Objections.*  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3  *Filing Protected Material.*  Absent written permission of the Designating Party, or a court order secured after appropriate notice to all interested persons, a Party may not file any Protected Material in the public record in this action.  A Party that seeks to file under seal any Protected Material must comply with Local Rule 5.4.

**PART FOURTEEN: FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) confirms that all the Protected Material was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding

15

this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Part Four above.

DONE AND ORDERED in Chambers in West Palm Beach, Florida, this \_\_\_\_ day of December, 2018.

_____
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 9:18-cv-80283-Dimitrouleas

ADT LLC & ADT US HOLDINGS, INC.,

    Plaintiffs,

        v.

NORTHSTAR ALARM SERVICES LLC
& VISION SECURITY, LLC,

    Defendants.

_____ /

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned has read the Stipulated Protective Order entered in this case, understands its terms, and agrees to be bound by them. The undersigned understands that the terms of the Stipulated Protective Order obligate him/her to use materials designated as Confidential or Confidential – Attorneys' Eyes Only in accordance with the Stipulated Protective Order solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or entity, except in accordance with the provisions of the Stipulated Protective Order.

The undersigned acknowledges that his/her obligation to honor the confidentiality of such confidential information will continue even after this case concludes.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in financial penalties or contempt of court.

**Name:** _____

**Job Title:** _____

**Employer:** _____

**Business Address:** _____

                        _____

**Date**_____      **Signature**_____

### EXHIBIT A