UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 9:18-cv-80283-Dimitrouleas/Matthewman

ADT LLC & ADT US HOLDINGS, INC.,

    Plaintiffs,

       v.

NORTHSTAR ALARM SERVICES LLC,
and VISION SECURITY, LLC,

    Defendants.
_____/

**SUPPLEMENT TO**
**ADT'S OPPOSITION TO THE SUMMARY JUDGMENT MOTION**

    Pursuant to request by counsel for NorthStar, (Exhibit 1) ADT submits this Supplement to its opposition [DE 84] to NorthStar's summary judgment motion [DE 76] and states:

    1.    NorthStar moves for summary judgment against ADT on grounds that ADT misled certain of NorthStar's customers. However, NorthStar's motion identified only three such customers, each of whom purchased alarm systems from companies other than ADT: Safe Home Control and Evo Alarm. ADT in turn purchased the contracts for these three customers from Safe Home and Evo Alarm through ADT's dealer program.

    2.    ADT is thus not directly liable for these alleged torts. If ADT is liable at all, it must be on a theory of vicarious liability based upon some claim that Safe Home and Evo Alarm are agents of ADT.

    3.    NorthStar understood this issue of agency when it served its counterclaim a year ago, in May 2018. [DE 21 at 13, ¶ 10 (ADT dealers "act at all times as agents of ADT"); *see also* DE 17 at 8; DE 32 at 8-9.] NorthStar spent most of its Rule 30(b)(6) deposition of ADT

asking about ADT's control over these companies. [DE 84-2 at 13-34 (tr. at 48-131).] The customer depositions that NorthStar offered in support of its summary judgment motion each show that Safe Home and Evo Alarm, not ADT, were the entities that signed the NorthStar customers to contracts. [DE 75-2 at 30; DE 75-3 at 24; DE 75-4 at 23.]

4. Even though NorthStar has long known of the need to prove the dealers' agency with ADT, NorthStar's summary judgment motion [DE 76] said nothing about it.

5. In opposition, ADT offered evidence to show that (1) in fact not one of the three identified customers signed contracts with ADT, and (2) Safe Home and Evo Alarm do not occupy an agency relationship with ADT, either by contract or in practice, as provided under the Eleventh Circuit's precedents. *See Mini Maid Servs. Co. v. Maid Brigade Sys., Inc.*, 967 F.2d 1516, 1520 (11th Cir. 1992). As part of that proof, ADT offered a copy of the form ADT dealer agreement that all dealers, including Safe Home and Evo Alarm, execute before becoming ADT dealers. [DE 84-1 at 2, ¶ 10; *id.* at 12-51.]

6. After ADT served its opposition, counsel for NorthStar asked ADT to supplement its opposition to include a copy of the ADT dealer guidelines, which ADT had already produced to NorthStar in this case, and which are referenced in the dealer agreement. (Exhibit 1.) As ADT testified at deposition, the guidelines govern how the dealers submit contracts to ADT for purchase: "how the dealer relationship operates, how to submit the contracts, how to build accounts within our monitoring system, the use of ADT's trademark in the marketing and that sort of thing." [DE 84-2 at 15 (tr. at 54).] They do not govern the dealers' day-to-day operation of their businesses. ADT attaches a copy of the guidelines as Exhibit 2. As the guidelines summarize, they create a framework "to assist [the dealer] in doing business with ADT" while leaving the dealer with "complete control over [its] own business." (Exhibit 2 at 2.)

7.  NorthStar's request that ADT supplement the record with the guidelines suggests that NorthStar now intends to offer evidence and argument in reply on the agency issue that it ducked in its opening brief.  NorthStar knew that agency was a critical part of its contention that "ADT" has misled its customers, and NorthStar knew that ADT did not sell contracts to the three specific customers on which its motion relies.  ADT objects to any attempt by NorthStar now to sandbag ADT by submitting evidence on agency for the first time in its reply brief.

Dated:  April 21, 2019

Respectfully submitted,

**McNEW P.A.**

/s/ C. Sanders McNew
_____
C. Sanders McNew
mcnew@mcnew.net
Florida Bar No. 0090561
2385 NW Executive Center Drive, Suite 100
Boca Raton, Florida  33431
Tel:  (561) 299-0257

   -and-

**SHOOK, HARDY & BACON, LLP**

Eric S. Boos
eboos@shb.com
Florida Bar No. 0107673
Citigroup Center, Suite 3200
201 S. Biscayne Boulevard
Miami, Florida  33131
Tel: (305) 358-5171

*Counsel for the Plaintiffs, ADT LLC*
  *-and- ADT US Holdings, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of April, 2019, I caused a true and correct copy of the foregoing Supplement to be served by CM/ECF on all parties listed to receive electronic service for this case.

s/ C. Sanders McNew
_____
C. Sanders McNew

3